```
              UNITED STATES DISTRICT COURT FOR THE
                    DISTRICT OF NEW HAMPSHIRE
```

Willard Drew
d/b/a Kelsey's at the Grant

    v.                                      Civil No. 14-cv-462-JD
                                              Opinion No. 2015 DNH 036

State of New Hampshire,
N.H. Drug Task Force, et al.

O R D E R

    Willard Drew operates a restaurant located in Gilford, New Hampshire, which is now called Kelsey's at the Grant.  From June through October of 2011, the New Hampshire Drug Task Force ("NHDTF") investigated the sale of controlled drugs at that establishment, which was then known as Mardi Gras North, and conducted a search of the premises in October of 2011.  Based on those and subsequent events, Drew brought suit, alleging federal claims under 42 U.S.C. § 1983 and related state law claims.

    The State of New Hampshire, the NHDTF, and former NHDTF commander, James Norris, ("the state defendants") moved to dismiss the claims against them on the grounds of sovereign immunity and failure to state a claim.  Drew objected to the motion as to NHDTF and Norris in his individual capacity but did not object to dismissing claims against the State of New Hampshire and against Norris in his official capacity.  Drew then moved to amend his complaint, and the state defendants objected.

I.  Motion to Amend

Drew moves to amend the complaint to substitute the NHDTF for the State.  The state defendants object to the proposed amended complaint, arguing that the amendment is futile because the NHDTF is protected by sovereign immunity and because Drew has not alleged facts that show the NHDTF is a "jural entity" that may be sued independently from the state.

To determine whether a proposed amended complaint would be futile, the court uses the standard for motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  Adorno v. Crowley Towing & Transp. Co., 443 F.3d 122, 126 (1st Cir. 2006).  Under the Rule 12(b)(6) standard, the court must take the factual allegations in the complaint as true, with reasonable inferences in the plaintiff's favor, and "determine whether the factual allegations in the plaintiff's complaint set forth a plausible claim upon which relief may be granted."  Foley v. Wells Fargo Bank, N.A., 772 F.3d 63, 71 (1st Cir. 2014).  A plausible claim for relief is something more than merely possible or conceivable but need not meet the standard for a prima facie case.  Carrero-Ojeda v. Autoridad de Energia Electrica, 755 F.3d 711, 717 (1st Cir. 2014).

   A.  Sovereign Immunity

The state defendants contend that the proposed amended complaint fails to state a claim against the NHDTF because it is part of the state and is protected by the state's sovereign

immunity under the Eleventh Amendment.  "Unless a state consents, a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment."  Lebron v. Commonwealth of Puerto Rico, 770 F.3d 25, 32 (1st Cir. 2014) (internal quotation marks omitted).  More specifically, "'a suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment.'"  Davidson v. Howe, 749 F.3d 21, 27 (1st Cir. 2014) (quoting Edelman v. Jordan, 415 U.S. 651, 663 (1974)).  A suit against the New Hampshire Attorney General in his official capacity is a suit against the State of New Hampshire.  Will v. Mich. Dept. of State Police, 491 U.S. 58, 71 (1989).

Drew does not contest the principles of sovereign immunity and does not dispute that if the NHDTF were an agency or division of the state it would be protected by sovereign immunity.  Drew alleges, however, that the NHDTF is a "multi-jurisdictional entity" and is composed of state and local law enforcement personnel.  For that reason, Drew argues, the NHDTF is not a state agency.

No court in this state appears to have addressed the question of whether the NHDTF is a state agency for purposes of sovereign immunity.  Little guidance is available from decisions in other states where similar task forces were formed by a municipality rather than the state.  See, e.g., Rodriguez-Melendez v. Dauphin County Drug Task Force, 2015 WL 65087 (M.D.

Pa. Jan. 5, 2015). In addition, state law may be determinative of whether a particular task force is or is not a state agency. See, e.g., Clouser v. Johnson, --- F. Supp. 2d ---, 2014 WL 4180808, at *7-*8 (M.D. Penn. Aug. 25, 2014); Lamb v. Tenth Judicial Dist. Drug Task Force, 944 F. Supp. 2d 586, 592-94 (E.D. Tenn. 2013).

The NHDTF is known as the New Hampshire Attorney General's Drug Task Force. See, e.g., State v. Paul, 104 A.3d 1058, 1059 (N.H. 2014); State v. Smith, 166 N.H. 40, 41 (2014). Under New Hampshire law, the attorney general may vest municipal and state law enforcement officers, who are assigned to work with the attorney general, "with statewide law enforcement authority" to conduct or assist with investigations, including service "on the attorney general's drug task force." RSA 21-M:3-b. The authority exists only while the officers are assigned to the department of justice and, during that time, the officer is a state official entitled to defense and indemnification under RSA 99-D:2. RSA 21-M:3.

Based on the foregoing, it appears that the NHDTF is part of the New Hampshire Attorney General's office. In the context of a futility analysis, however, the parties have provided no record to support a definitive determination of the legal status of the NHDTF. The state defendants did not raise RSA 21-M:3-b in their objection to the motion to amend or in their motion to dismiss and failed to cite any cases or other authority to show that the

NHDTF is a state entity.[1]  As the court explained in Lamb, the determination of whether a drug task force is a state entity requires a more developed record than is available under the Rule 12(b)(6) standard.  944 F. Supp. 2d at 592-94.

Therefore, the motion to amend cannot be denied based on the defense of sovereign immunity.

B.  Jural Entity

The state defendants also contend that the proposed amended complaint is futile because "it does not establish that NHDTF is a jural entity capable of being sued independently of the New Hampshire Department of Justice."  In support, the state defendants cite Harris v. City of Hammond, 2008 WL 4469112 (E.D. La. Sept. 30, 2008), where the court granted the defendants' motion to dismiss the plaintiff's § 1983 claims against the Louisiana Attorney General's Internet Crimes Against Children Task Force.  The court concluded that the plaintiff bore the burden of showing that the Task Force was a "juridical person" with the capacity to be sued and had failed to carry the burden

---

[1]The state defendants did quote RSA 21-M:3-b in their reply to Drew's objection to the motion to dismiss to show that officers serving in the NHDTF are given statewide enforcement powers.  A reply, however, cannot provide new grounds not raised in the motion. See, e.g., Mills v. U.S. Bank, NA, 753 F.3d 47, 55 n.5 (1st Cir. 2014); Alamo-Hornedo v. Puig, 745 F.3d 578, 582 (1st Cir. 2014); West v. Bell helicopter Textron, Inc., 2014 WL 4922971, at *13, n.13 (D.N.H. Sept. 30, 2014); Gen. Linen Serv., Inc. v. Gen. Linen Serv. Co., Inc., 25 F. Supp. 3d 187, 192 (D.N.H. 2014).

and that sovereign immunity barred the claims for monetary relief against the Attorney General. Id. at *2-*3.

The reasoning in Harris is not persuasive in the context of Drew's motion to amend the complaint. The court in Harris relied on cases that are inapposite to the circumstances presented here. Further and more importantly, Harris appears to impose a heightened pleading standard that requires a plaintiff who alleges a claim under § 1983 to cite law in the complaint to show that the defendant is a "juridical person" for purposes of § 1983. Such a requirement would likely violate the notice pleading standard under Federal Rule of Civil Procedure 8(a). See Rodriguez-Reyes v. Molina-Rodriguez, 711 F.3d 49, 53-54 (1st Cir. 2013); Educadores Puertorriquenos en Accion v. Hernandez, 367 F.3d 61, 66-67 (1st Cir. 2004).

The questions of whether the NHDTF is a state entity for purposes of sovereign immunity and whether it has the capacity to be sued require factual and legal development that has not been presented in the context of the motion to amend. Instead, the questions would be better addressed through a motion for summary judgment with appropriate record support. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002).

## Conclusion

For the foregoing reasons, the plaintiff's motion to amend the complaint (document no. 19) is granted. The plaintiff shall file the amended complaint.

The defendants' motion to dismiss (document no. 9) is terminated as moot.

SO ORDERED.

*Joseph A. DiClerico, Jr.*
Joseph A. DiClerico, Jr.
United States District Judge

February 26, 2015

cc: Charles P. Bauer, Esq.
David H. Bownes, Esq.
Francis Charles Fredericks, Esq.
Richard W. Head, Esq.
Andrew B. Livernois, Esq.