```
              UNITED STATES DISTRICT COURT FOR THE
                    DISTRICT OF NEW HAMPSHIRE
```

Willard Drew d/b/a
Kelsey's at the Grant

    v.                                        Civil No. 14-cv-462-JD
                                              Opinion No. 2015 NH 063

State of New Hampshire,
NH Drug Task Force, et al.


## O R D E R

The State of New Hamphsire, the New Hampshire Drug Task Force ("NHDTF"), and former NHDTF commander, James Norris ("the state defendants") have filed a motion to clarify the court's order granting Willard Drew's motion to amend the complaint. In support, the state defendants argue that their motion to dismiss the original complaint should not have been terminated as moot because the order did not address that part of the motion that challenged claims against James Norris. The state defendants ask the court to address the status of the claims against Norris. In his objection to the motion, Drew asserts that the court terminated the motion to dismiss as moot because the issue of sovereign immunity could not be resolved on the current record.

Both the state defendants and Drew misunderstand the procedural posture of the case. The motion to dismiss was terminated as moot because it challenged the original complaint, not because all of the issues raised in the motion were resolved or because the claims against Norris implicated sovereign immunity. Pursuant to the order granting the motion to amend, the amended complaint superseded the original complaint, and

"[t]hereafter, the earlier complaint is a dead letter and no longer performs any function in the case." Connectu LLC v. Zukerberg, 522 F.3d 82, 91 (1st Cir. 2008); accord Brait Builders Corp. v. Mass., Div. of Capital Asset Mgmt., 644 F.3d 5, 9 (1st Cir. 2011). Because the amended complaint superseded the original, the state defendants' motion to dismiss was terminated as moot.[1] See In re Celexa & Lexapro Mktg. & Sales Practices Litig., 751 F. Supp. 2d 277, 286 (D. Mass. 2010). Therefore, any challenges to claims against Norris must be raised in a motion directed to the amended complaint under Federal Rules of Civil Procedure 12(b), 12(c), or 56(a).

## Conclusion

For the foregoing reasons, the defendants' motion to clarify (document no. 23) is granted to the extent the termination of the motion to dismiss as moot is explained as stated above and is otherwise denied.

SO ORDERED.

                                   *Joseph A. DiClerico, Jr.*
                                   Joseph A. DiClerico, Jr.
                                   United States District Judge

March 24, 2015
cc:  Charles P. Bauer, Esq.
     David H. Bownes, Esq.
     Francis Charles Fredericks, Esq.
     Richard W. Head, Esq.
     Andrew B. Livernois, Esq.

---

[1] If Drew had not filed the amended complaint, as he was ordered to do, the original complaint would have remained in effect. See Brait Builders, 644 F.3d at 9. That did not happen in this case. Counsel should pay closer attention to the procedural posture of a case.

2