```
                 UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEW HAMPSHIRE
```

Willard Drew

    v.                                   Civil No. 14-cv-462-JD
                                          Opinion No. 2015 DNH 146
New Hampshire Drug
Task Force, et al.


O R D E R

Willard Drew brings federal and state claims against the New Hampshire Drug Task Force ("NHDTF"); the former commander of the NHDTF, James Norris; Concord Police Officer Adam Fanjoy; the Town of Gilford; and several town officials.  The claims arose from an investigation of a restaurant and dance club, then called Mardi Gras North, from June through October of 2011, which culminated in a search of the restaurant for violations of the New Hampshire Controlled Drug Act, arrests of restaurant employees, and notices to Drew of violations of the state liquor laws and town codes.  The NHDTF and Norris move for summary judgment.  Drew objects and asks for additional time under Federal Rule of Civil Procedure 56(d) to conduct discovery.

Standard of Review

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); Santangelo v. New York Life Ins. Co., 785 F.3d 65, 68 (1st Cir. 2015).  "A genuine issue is one that can be resolved in favor of either party, and a material fact is one which has the potential of affecting the outcome of the case."  Jakobiec v. Merrill Lynch Life Ins. Co., 711 F.3d 217, 223 (1st Cir. 2013) (internal quotation marks omitted).  In deciding a motion for summary judgment, the court draws all reasonable factual inferences in favor of the nonmovant.  Kenney v. Floyd, 700 F.3d 604, 608 (1st Cir. 2012).

Discussion

Drew brings a claim against Norris in Count I, alleging a violation of his Fourth Amendment rights actionable under 42 U.S.C. § 1983.  The only claim that Drew brings against the NHDTF directly is Count VII, which is titled "Respondeat Superior-New Hampshire Drug Task Force."  Although not alleged in Count I, Drew apparently intended to bring Count I against Norris in both his official and individual capacities.

An official capacity claim is a claim against the NHDTF. See Surprenant v. Rivas, 424 F.3d 5, 19 (1st Cir. 2005). Therefore, Count I is construed to include the § 1983 claim against Norris in his individual capacity and the § 1983 claim against the NHDTF.

In the motion for summary judgment, the NHDTF asserts Eleventh Amendment immunity to bar an unspecified § 1983 claim against it and to bar the § 1983 claim brought against Norris in his official capacity. The NHDTF does not address the respondeat superior claim in Count VII. Therefore, the only claim against NHDTF that is at issue for purposes of the present motion for summary judgment is the § 1983 official capacity claim in Count I. Norris seeks summary judgment on the § 1983 claim in Count I brought against him in his individual capacity.

A.   Eleventh Amendment Immunity - NHDTF

NHDTF asserts that it is an arm of the state and protected by sovereign immunity. Sovereign immunity under the Eleventh Amendment precludes suits for damages against states and state agencies. Town of Barnstable v. O'Connor, 786 F.3d 130, 138-39 (1st Cir. 2015). Exceptions to the rule of sovereign immunity exist when a state waives its immunity or Congress has abrogated sovereign immunity. Metcalf & Eddy, Inc. v. P.R. Aqueduct & Sewer Auth., 991 F.3d 935, 938 (1st Cir. 1993). Congress did

3

not abrogate sovereign immunity for purposes of § 1983 claims, Will v. Mich. Dep't of State Police, 491 U.S. 58, 68-70 (1989), and New Hampshire has not waived its immunity.

To decide whether an entity is protected by sovereign immunity, the court must decide whether the state has shown an intent to have the entity share sovereign immunity either expressly by statute or implicitly by the structure of the entity. Irizarry-Mora v. Univ. of P.R., 647 F.3d 9, 12 (1st Cir. 2011). If the state's intent is not clear, the court must "consider whether the state's treasury would be at risk in the event of an adverse judgment." Id.

1. Discovery

In opposing summary judgment, Drew argues generally that he should have the opportunity to conduct discovery before the motion is decided.[1] NHDTF did not respond to his objection. To support his request under Rule 56(d), Drew provides his own affidavit and the affidavit of his counsel. Each affidavit is one page and states only that more time is necessary to conduct

---

[1] To the extent he also argues that the motion for summary judgment is premature, he is mistaken. See Fed. R. Civ. P. 56(b).

discovery.[2]  The affidavits provide no specifics about Drew's diligence, the reasons that facts are not available, what Drew hopes to discover, or how those facts would influence the outcome of the motion.  As such, Drew's request under Rule 56(d) is not properly supported.

In his objection, Drew provides more information about the discovery he would seek.  He states that under the discovery plan in this case, discovery will not close until February 1, 2016.  He apparently has not yet begun to request discovery.  Drew states that he "wishes to pursue Interrogatories with respect to defendant New Hampshire Drug Task Force, James Norris and other defendants."  He also states that he "wishes to depose defendant Norris together with other material witnesses regarding the details of the raid on October 18, 2011 which is the subject of this Complaint," and lists four topics for

---

[2] Drew's affidavit also states:  "I, Willard Drew have read the Objection to Motion for Summary Judgment dated July 1, 2015 and the facts contained there are true to the best of my knowledge and belief."  There are few facts stated in the objection, and Drew has not shown that he has personal knowledge to support his affidavit statement as to the few facts stated. See Fed. R. Civ. P. 56(c)(4).  An affidavit or verified filing based on hearsay or belief, rather than personal knowledge, does not satisfy the requirements of Rule 56(c).  Kenney, 700 F.3d at 609; Sheinkopf v. Stone, 927 F.2d 1259, 1271 (1st Cir. 1991); Fin. Res. Network, Inc. v. Brown & Brown, Inc., 867 F. Supp. 2d 153, 171 (D. Mass. 2012).

5

depositions all of which pertain to the search of the restaurant.

Drew does not explain why he has not begun discovery in this case, particularly when the summary judgment motion was filed on May 15, 2015.  He does not explain what information he hopes to glean from interrogatories or how any information would impact the motion for summary judgment to the extent it is based on the NHDTF's assertion of sovereign immunity.  Further, the topics he lists to be addressed in depositions have no apparent relevance to the issue of sovereign immunity.

In particular, Drew has not shown what discovery he seeks or that any discovery would affect the summary judgment motion invoking sovereign immunity.  Therefore, Drew has not provided grounds to delay consideration of the motion for summary judgment on the issue of sovereign immunity.

2. <u>Merits</u>

The NHDTF contends that it is entitled to the protection of sovereign immunity based on the structure of the NHDTF and, alternatively, because a judgment against the NHDTF would be paid from the state treasury.  Drew states that the NHDTF is a "multi-jurisdictional entity" and that several of the NHDTF officers who participated in the investigation and search of the restaurant were officers from county or local law enforcement

agencies.  Drew also notes that the officers were paid by the communities where they were employed.

As the court noted in the previous order, the NHDTF is known as the New Hampshire Attorney General's Drug Task Force. Under RSA 21-M:3-b, the Attorney General is authorized to vest municipal and state law enforcement officers with "statewide law enforcement authority" when they are assigned to work under the attorney general in the "attorney general's drug task force." An officer vested with statewide enforcement authority "shall be a state official for the purposes of being entitled to defense and indemnification under RSA 99-D:2, in accordance with the terms of any written agreement between the attorney general and the employing authority and subject to any limitations set forth in such written agreement."  RSA 21-M:3-b.

As presented, the structure of the NHDTF shows that New Hampshire intends it to be an arm of the state, operating under the authority and control of the New Hampshire Attorney General. Although municipal officers who are working with the NHDTF are officers in municipal law enforcement departments and are paid by their respective municipalities, they are deemed to be state law enforcement officers when serving with the NHDTF.  The New Hampshire Attorney General, through his agents and designees, controls the NHDTF and the officers working in the NHDTF.  Drew

7

has not shown what significance the multi-jurisdictional aspect of the NHDTF would have in the context of sovereign immunity.

Less information is presented on the question of whether a judgment against the NHDTF, as opposed to its individual officers, would be paid from the New Hampshire state treasury. While RSA 21-M:3-b addresses the state's financial responsibility for NHDTF officers, the NHDTF has not cited any provision for paying judgments against the NHDTF itself.  The NHDTF shows, however, that it is funded by the state and that officers serving in the NHDTF are covered by RSA 99-D:2, which pertains to the state's obligation to provide a defense and indemnification to state officers.  The lack of authorization for paying a judgment against the NHDTF itself is consonant with its status as an arm of the state.  Because the structure of the NHDTF supports the conclusion that it is an arm of the state entitled to the protection of sovereign immunity, it is not necessary to resolve the issue of whether a judgment against the NHDTF would be paid out of the New Hampshire treasury.

For purposes of the present motion, the NHDTF has shown that it is an arm of the state and protected by sovereign immunity.  Therefore, the NHDTF is entitled summary judgment on Drew's § 1983 claim brought against Norris in his official

capacity in Count I.  The NHDTF did not move for summary judgment on Count VII.

B.  <u>Norris - Individual Capacity Claim in Count I</u>

Norris moves for summary judgment on the individual capacity claim brought against him under § 1983 in Count I.  In support, Norris contends that Drew's claim is based on a theory of vicarious liability for administrative searches of the restaurant conducted by the Liquor Commission and the Town of Gilford and that the complaint lacks allegations to show that Norris's own actions violated Drew's Fourth Amendment rights.  Because vicarious liability is not actionable under § 1983, Norris contends that he is entitled to summary judgment on the individual capacity claim in Count I.[3]

Drew does not contest the principle that vicarious liability is not a valid theory for a § 1983 claim.  Instead, he contends that he alleged actions by Norris himself to support the § 1983 claim.[4]  Drew also argues that Norris is not entitled

---

[3] See City of Canton v. Harris, 489 U.S. 378, 385 (1989); Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 691 (1978).

[4] Drew also cites allegations of conduct by other members of the NHDTF without explaining how those actions could be attributable to Norris.

9

to sovereign immunity or qualified immunity.[5]  He further asserts that he is entitled to conduct discovery under Rule 56(d).

Summary judgment focuses on the evidence that supports or contradicts the plaintiff's claims.  Fed. R. Civ. P. 56(a) & (c).  As such, it is not an appropriate vehicle to test the sufficiency of allegations in the complaint.  Cf. Fed. R. Civ. P. 12(b)(6).  Despite that procedural difference, Norris invokes summary judgment but argues that the allegations fail to state a claim against him.

Viewing Norris's motion under the Rule 12(b)(6) standard, it fails.[6]  Drew alleges that Norris gathered at the Gilford Police Department with members of the Liquor Commission to execute the search warrant at the restaurant, that Norris and others executed the search warrant at the restaurant, that Norris allowed members of the Liquor Commission and "members of the Town of Gilford" into the restaurant for purposes unrelated to the search warrant, and that those actions violated Drew's

---

[5] Norris has not asserted the protection of sovereign immunity as to the claim against him in his individual capacity and has not raised the defense of qualified immunity.

[6] Under Rule 12(b)(6), the court takes the plaintiff's factual allegations as true, resolves reasonable inferences in the plaintiff's favor, and determines whether the complaint states a plausible claim.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-58 (2007); Lydon v. Local 103, Int'l Bhd. of Elec. Workers, 770 F.3d 48, 53 (1st Cir. 2014).

10

Fourth Amendment rights.  Taking a broad view of those allegations, Drew alleges that Norris, himself, allowed members of the Liquor Commission and the Town of Gilford to search the restaurant, which was beyond the scope of the search warrant, and in doing so violated his Fourth Amendment rights.  See Wilson v. Layne, 526 U.S. 603, 614 (1999).

In the context of Rule 56(a), Norris has not shown with competent evidence that he did not allow members of the Liquor Commission or the Town of Gilford to participate in the search of the restaurant and does not assert that Drew will be unable to prove that he did allow that participation.  As such, he has not properly invoked Rule 56(a) or supported his motion in a manner that would allow the court to resolve the individual capacity claim on summary judgment.  See Sensing v. Outback Steakhouse of Fl., LLC, 575 F.3d 145, 152 (1st Cir. 2009) ("The moving party bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact." (internal quotation marks omitted)).

Norris also did not object to the relief Drew seeks under Rule 56(d).  Although Drew did not properly support his request for relief, he does suggest discovery related to the search of

11

the restaurant, which is pertinent to his individual capacity claim against Norris. Because the summary judgment motion must be denied as to the individual capacity claim in Count I, Drew now will have time to conduct discovery on that claim.

## Conclusion

For the foregoing reasons, the state defendants' motion for summary judgment (document no. 33) is granted as to the official capacity claim in Count I and is otherwise denied.

SO ORDERED.

*/s/ Joseph A. DiClerico, Jr.*
Joseph DiClerico, Jr.
United States District Judge

July 27, 2015

cc: Charles P. Bauer, Esq.
    David H. Bownes, Esq.
    Francis Charles Fredericks, Esq.
    Richard W. Head, Esq.
    Andrew B. Livernois, Esq.