UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Willard Drew d/b/a
Kelsey's at the Grant

    v.                            Civil No. 14-cv-462-JD
                                      Opinion No. 2015 DNH 147

New Hampshire Drug
Task Force, et al.

O R D E R

Willard Drew brings federal and state claims against the
New Hampshire Drug Task Force ("NHDTF"); the former commander of
the NHDTF, James Norris; Concord Police Officer Adam Fanjoy; the
Town of Gilford; and several town officials. The claims arose
from an investigation of a restaurant and dance club, then
called Mardi Gras North, from June through October of 2011,
which culminated in a search of the restaurant for violations of
the Controlled Drug Act, arrests of restaurant employees, and
notices to Drew of violations of the state liquor laws. Adam
Fanjoy moves for summary judgment. Drew objects, primarily
seeking time under Federal Rule of Civil Procedure 56(d) to
conduct additional discovery.

Standard of Review

Summary judgment is appropriate when "the movant shows that
there is no genuine dispute as to any material fact and the
movant is entitled to judgment as a matter of law." Fed. R.

Civ. P. 56(a); Santangelo v. New York Life Ins. Co., 785 F.3d
65, 68 (1st Cir. 2015).  "A genuine issue is one that can be
resolved in favor of either party, and a material fact is one
which has the potential of affecting the outcome of the case."
Jakobiec v. Merrill Lynch Life Ins. Co., 711 F.3d 217, 223 (1st
Cir. 2013) (internal quotation marks omitted).  In deciding a
motion for summary judgment, the court draws all reasonable
factual inferences in favor of the nonmovant.  Kenney v. Floyd,
700 F.3d 604, 608 (1st Cir. 2012).

Discussion

Drew alleges a single claim under § 1983 against Fanjoy in
Count I that Fanjoy violated Drew's Fourth Amendment rights by
conducting a search of the restaurant that was beyond the scope
of the warrant.  Specifically, Drew alleges that Fanjoy allowed
members of the New Hampshire Liquor Commission and Gilford town
officials "to conduct what was in reality an administrative
inspection of the premises unrelated to the purposes for which
the Warrant was issued."  Fanjoy moves for summary judgment,
supported by his affidavit and attached evidence, on the grounds
that he did not allow or permit anyone not authorized by the
warrant to enter the restaurant and, specifically, did not allow
members of the Liquor Commission or officials from Gilford to
conduct an administrative inspection.  Fanjoy also contends that

he is protected by RSA 541-B:9-a, which he asserts makes the state responsible for his actions.

A.  Discovery

Drew objects to the motion for summary judgment on the ground that he is entitled under Federal Rule of Civil Procedure 56(d) to take discovery before responding to the motion.  Fanjoy filed a reply in which he argues that Drew has not properly invoked the protection of Rule 56(d).

Federal Rule of Civil Procedure 56(d) provides a means for the nonmoving party to avoid summary judgment when that party "cannot present facts essential to justify its opposition."  As such, Rule 56(d), "provides a safety valve for claimants genuinely in need of further time to marshal facts, essential to justify their opposition to a summary judgment motion."  In re PHC, Inc. Shareholder Litig., 762 F.3d 138, 143 (1st Cir. 2104).

To be entitled to relief under Rule 56(d), however, the party must show by affidavit or declaration the reasons that he cannot present facts essential to summary judgment.  Fed. R. Civ. P. 56(d).  That requirement cannot be satisfied by general or speculative assertions "that future discovery would influence the outcome of the pending summary judgment motion."  Williams v. Techtronic Indus. of N. Am., Inc., 600 F. App'x 1, 2 (1st

Cir. 2015) (internal quotation marks omitted).  Instead, a party

seeking the protection of Rule 56(d)

> must act diligently and proffer to the trial court an
> affidavit or other authoritative submission that (i)
> explains his or her current inability to adduce the facts
> essential to filing an opposition, (ii) provides a
> plausible basis for believing that the sought-after facts
> can be assembled within a reasonable time, and (iii)
> indicates how those facts would influence the outcome of
> the pending summary judgment motion.

Jones v. Secord, 684 F.3d 1, 6 (1st Cir. 2012) (internal

quotation marks omitted).

The affidavits submitted by Drew and his counsel in support

of relief under Rule 56(d) state only that more time is

necessary to conduct discovery in order to address adequately

the motion for summary judgment.  In his objection, Drew states

that he needs time to pursue interrogatories to Fanjoy and other

defendants and to depose Fanjoy and other defendants "regarding

the details of the raid on October 18, 2011."  He provides no

other information about what discovery he needs, what topics he

intends to investigate, or a proffer that facts gleaned through

discovery would influence the outcome of the pending summary

judgment motion.

In his reply, Fanjoy objects to delaying summary judgment

to allow discovery because Drew has not met the requirements of

Rule 56(d).[1]  Fanjoy represents that he has not received any
requests for discovery of any kind from Drew.  Despite the
specificity of Fanjoy's affidavit submitted in support of
summary judgment, Drew has not indicated what facts he intends
to pursue through discovery to contest Fanjoy's version of
events.

Discovery will not close in this case until February 1,
2016.  Ordinarily, that schedule would support providing time
under Rule 56(d) to pursue discovery before addressing summary
judgment.  In this case, however, neither the affidavits nor the
objection to summary judgment show what facts Drew would seek
through discovery to oppose summary judgment or how those facts,
in light of Fanjoy's affidavit, would influence the outcome.
Cf. In re PHC, 762 F.3d at 142 (Plaintiffs filed a fourteen-page
Rule 56(d) affidavit that "chronicles plaintiffs' attempts to
obtain discovery and defendants' failure to provide it.  It
delineates the categories of information about which the
identified witnesses are likely to have information and
specifies the essential information, in the defendants' hands,
that would support plaintiffs' opposition to the motion for
summary judgment.").

---

[1] Drew did not seek leave to file a surreply to address the
shortcomings identified by Fanjoy.

Therefore, Drew has not shown that he is entitled to relief under Rule 56(d).

B.  Merits

In support of his Fourth Amendment claim in Count I, Drew alleges that Fanjoy's "conduct . . . in executing the Search Warrant . . . far exceeded the scope or authority of the Warrant."  He further alleges that Fanjoy "allowed members of the NH Liquor Commission and members of the Town of Gilford . . . into the premises to conduct what was in reality an administrative inspection of the premises unrelated to the purposes for which the Warrant was issued."

The Fourth Amendment protects against unreasonable searches.  U.S. Const. amend. IV.  A search pursuant to a valid search warrant is lawful.  United States v. Adams, 740 F.3d 40, 43 (1st Cir. 2014).  A warrant authorizes the named officer or officers to conduct the search but does not authorize others to participate "except in aid of the officer or on his requiring it, he being present and acting in its execution."  18 U.S.C. § 3105.  It is a violation of the Fourth Amendment for an authorized officer to include unauthorized third-parties in a search who are not participating in aid of the officer.  Wilson v. Layne, 526 U.S. 603, 614 (1999).

In this case, Drew does not dispute that the search of the restaurant was conducted pursuant to a warrant and does not challenge the validity of the warrant.  He alleges that Fanjoy violated his Fourth Amendment rights by allowing third parties, members of the Liquor Commission and town officials, to participate in the search.

Fanjoy supported his motion for summary judgment with his affidavit that states:  "I did not allow, authorize, invite or otherwise permit, directly or indirectly, any one to enter the premises who was not lawfully authorized by the search warrant's authority.  Specifically, I did not allow the NH Liquor Commission and members of the Town of Gilford to conduct 'an administrative inspection' as alleged in Paragraph 71 of the First Amended Complaint."  Drew provides no evidence to support his claim and makes no argument to counter Fanjoy's affidavit.[2]

---

[2] Drew did provide his own affidavit and an affidavit of his counsel to support his request under Rule 56(d).  Drew's affidavit also states:  "I, Willard Drew have read the Objection to Motion for Summary Judgment dated June 26, 2015 and the facts contained there are true to the best of my knowledge and belief."  Drew's counsel's affidavit similarly states that counsel prepared the objection and that the facts are true "to the best of my knowledge and belief."

To the extent Drew intended those affidavits to verify statements in the objection to counter Fanjoy's affidavit, they are not competent for that purpose.  Neither Drew nor his counsel have provided any basis to show that they have personal knowledge about Fanjoy's participation in the search or about what Fanjoy was aware of at the time of the search.  See Fed. R. Civ. P. 56(c)(4).  An affidavit or verified filing based on

Based on that record, Drew cannot show a factual dispute as to whether Fanjoy violated the Fourth Amendment in the course of the search of the restaurant.

Therefore, Fanjoy is entitled to summary judgment in his favor. Because summary judgment is granted on the merits, it is not necessary to consider the application of RSA 541-B:9-a to the claim against Fanjoy in this case.[3]

<u>Conclusion</u>

For the foregoing reasons, Adam Fanjoy's motion for summary judgment (document no. 32) is granted.

SO ORDERED.

_____
Joseph DiClerico, Jr.
United States District Judge

July 27, 2015
cc:  Charles P. Bauer, Esq.
     David H. Bownes, Esq.
     Francis Charles Fredericks, Esq.
     Richard W. Head, Esq.
     Andrew B. Livernois, Esq.

_____

hearsay or belief, rather than personal knowledge, does not satisfy the requirements of Rule 56(c).  Kenney, 700 F.3d at 609; Sheinkopf v. Stone, 927 F.2d 1259, 1271 (1st Cir. 1991); Fin. Res. Network, Inc. v. Brown & Brown, Inc., 867 F. Supp. 2d 153, 171 (D. Mass. 2012).

   [3] In any case, RSA 541-B:9-a applies to claims "filed pursuant to this chapter" and appears to have no effect on the § 1983 claim brought against Fanjoy here.